**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1806
_____

SARA ESTER MENDIZABAL,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency No. A095-137-536)
Immigration Judge: Dinesh C. Verma

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 9, 2023

_____

Before: SHWARTZ, BIBAS, and AMBRO, *Circuit Judges*.

(Filed: March 10, 2023)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

Sara Mendizabal is a native and citizen of El Salvador. Starting around 1995, her then-stepfather began threatening her family, demanding money that they allegedly owed him.

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

She was also harassed by gangs. So in 1999, at age fourteen, she came to the United States illegally. She has not seen her ex-stepfather since then and has not heard from him in about seven years; she doubts that he is still alive.

The U.S. government gave Mendizabal temporary protected status in 2004. But after she was convicted of food-stamp fraud as well as shoplifting, it revoked that status in March 2014. It then began removal proceedings. In 2017, Mendizabal conceded removability but sought asylum, withholding of removal, and protection under the Convention Against Torture.

The immigration judge denied all claims for relief. Her asylum claim, he held, was untimely and not excused by extraordinary circumstances. Her withholding claim also failed because she had not suffered past persecution and had not shown that her fear of future persecution was objectively reasonable. And her Convention claim failed because she had not been tortured and was not more likely than not to be tortured if she returned. The Board of Immigration Appeals agreed and dismissed her appeal.

Mendizabal now petitions for review. We review not only the Board's decision but also the parts of the immigration judge's decision to which the Board deferred. *Chavarria v. Gonzales*, 446 F.3d 508, 515 (3d Cir. 2006). We lack jurisdiction to review some factual findings. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(C). Others we review for substantial evidence, deferring to them "unless any reasonable adjudicator would be compelled to" reject them. § 1252(b)(4). We review issues of law and constitutional claims de novo. *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017).

Mendizabal did not seek asylum until November 2017. That was well beyond the one-year deadline for seeking asylum and more than three years after the government revoked her temporary protected status, which she did not appeal. 8 U.S.C. § 1158(a)(2)(B). She claims that "extraordinary circumstances" excused her delay. § 1158(a)(2)(D). But the immigration judge and Board rejected that excuse on the facts. And we need not decide whether Mendizabal's argument presents a legal or factual question because her argument lacks merit regardless. *See Sukwanputra v. Gonzalez*, 434 F.3d 627, 634–35 (3d Cir. 2006). Although the benefits of temporary protected status can extend during the appeal of a withdrawal determination, Mendizabal never appealed when her status was withdrawn. *See* 8 C.F.R. § 208.4(a)(5)(iv). So her status ended in 2014.

We likewise lack jurisdiction to review Mendizabal's withholding-of-removal claim. She conceded removability because she had been convicted for crimes involving moral turpitude. The judge found that she would not likely face persecution in El Salvador, and the Board affirmed. Though she now challenges how they weighed the evidence and labels her challenge legal, it is factual. So the statute bars our review. 8 U.S.C. § 1252(a)(2)(C).

Finally, the judge and Board reasonably rejected Mendizabal's claim that, if removed to El Salvador, she would more likely than not be tortured. She has not seen her ex-stepfather in more than two decades and has not heard from him in seven years; he has not visited any of her family members back in El Salvador either. Indeed, Mendizabal thinks he is dead. As for the gangs, they never threatened to harm her, and it has been almost three decades since they harassed her. The judge and Board reasonably relied on this substantial evidence in rejecting her claim. Though there is country-conditions evidence showing that

El Salvador is dangerous in general, none of it proves that she herself is more likely than not to be tortured. We will thus dismiss her petition to review the denial of her withholding claim and deny it as to her asylum and Convention claims.